## DICKERMAN v. FARRELL.

FRAUDULENT CONVEYANCE FROM FATHER TO SON: EVIDENCE CONSID-ERED, AND CONVEYANCE SET ASIDE.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, OCTOBER 5.

ACTION in chancery to set aside a deed of certain lands on the ground that it was executed with the fraudulent purpose of defeating the collection of a

judgment recovered by plaintiff against the grantor, Michael Farrell. There was a decree granting the relief prayed for; defendant appeals.

*W. E. Akers*, for appellant.

*L. Bullis*, for appellee.

BECK, J.—The evidence conclusively shows the debt and judgment in favor of plaintiff, and the insolvency of Michael Farrell, and the conveyance to his son William, the other defendant, of the land, without the payment of any money. The son assumed to pay certain mortgages upon the land, and gave his note to his father for $1,050, due in about six years. This note the father sent to another son, who agreed to pay $600 for it, and did pay the father $60 thereon. The father and son both testify that the first owed the last about $350 at the time of the sale, but this sum was not deducted from the price of the farm; it was secured by a mortgage upon the father's personal property. The son also acquired by purchase about all the personal property of the father that was subject to execution. Indeed, after the transaction with the son, the father became invulnerable to attack by execution, if the transaction is held valid. The son is unmarried, about twenty-five years of age, and most of the time lives at home. The father rented the farm from him, and they both seem to look after affairs connected with the farming and the business of the farm. The mother refused to sign the deed and claims her homestead rights. This, the father and son say, was considered in arranging for the payment of the farm. These and other facts lead us to the conclusion that, on the part of the father, the sale was made to defeat his creditors, and especially plaintiffs.

The son testifies that he did not know his father was indebted to plaintiff, or owed any other debts besides those the son had assumed to pay. Now these debts were provided for by the son assuming to pay them. It is very plain that the father's conduct in putting out of his hands all of his property subject to execution, was sufficient to inform the son that there was other debts against which the father prepared protection. Their intimate relations, living together as one family, would render it impossible for the son to remain ignorant of his father's true financial condition. We are satisfied he knew of plaintiff's claim, and well knew of his fathers purpose to defeat it, and aided him therein.

Other facts of the case need not be recited. We reach the satisfactory conclusion that the decree of the Circuit Court is correct.

AFFIRMED.